UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK TALAVERA,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>Defendants. | Case No.: 23-cv-2162-TWR-SBC<br><br>**ORDER GRANTING DEFENDANTS' EX PARTE MOTION TO STRIKE PLAINTIFF'S MOTION TO DISQUALIFY COUNTY COUNSEL AND DENYING REQUEST FOR SANCTIONS [DKT. NO. 47]; GRANTING PLAINTIFF'S MOTION TO FILE RESPONSE IN OPPOSITION TO MOTION TO STRIKE UNDER SEAL [DKT. NO. 51]; AND DENYING AS MOOT MOTION TO FILE MOTION AND DECLARATIONS UNDER SEAL [DKT NO. 45]** |

Presently before the Court is an Ex Parte Motion to Strike Plaintiff's Motion to Disqualify County Counsel and for Sanctions filed by Defendants County of San Diego, David Lovejoy, and Jonathon Young. (Dkt. No. 47.) Plaintiff Erik Talavera filed a Response in Opposition to Defendants' motion. (Dkt. No. 52.) The Court held a hearing on April 22, 2026. (Dkt. No. 69.)

///

1

Having carefully considered the parties' briefs and accompanying submissions, as well as the arguments of counsel, the Court hereby **GRANTS** Defendants' Motion to Strike Plaintiff's Motion to Disqualify County Counsel ("Motion to Strike") and **DENIES** Defendants' request for sanctions. (Dkt. No. 47.) Plaintiff's Motion to Disqualify County Counsel from Representing Individual Deputies and Request for Specific Performance and Sanctions ("Motion to Disqualify") (Dkt. No. 46) shall be **STRICKEN** in its entirety from the record. Because the Motion to Disqualify is to be stricken, Plaintiff's motion to file the Motion to Disqualify under seal (Dkt. No. 45) is **DENIED AS MOOT**. Plaintiff's Motion to file the Response in Opposition to Motion to Strike Under Seal (Dkt. No. 51) is **GRANTED**.

Additionally, as discussed further below, even if the Court did not strike Plaintiff's Motion to Disqualify, it would summarily deny the motion on the merits.

## I.      BACKGROUND

This action arises out of a shooting incident that occurred on February 16, 2022 involving Plaintiff and Defendants Lovejoy and Young, Sheriff's Deputies for Defendant County of San Diego.[1]

The Court held a full-day Mandatory Settlement Conference ("MSC") on December 10, 2025. (Dkt. No. 31.) Plaintiff was represented by Timothy A. Scott and Marcus S. Bourassa, and Defendants were represented by Sylvia Aceves and Steven Inman, II, of the Office of County Counsel for the County of San Diego. (*Id.*) Plaintiff and the Deputy Defendants also participated in the conference. At the conclusion of the MSC, the Court set an attorneys-only Settlement Status Conference for February 6, 2026 at 9:30 a.m. (*Id.*) The Court held separate Settlement Status Conferences with counsel on that date (Dkt. Nos.

---

[1]      The parties are referred to the Order Granting Defendants' Motion for Summary Judgment recently issued by the Honorable Todd W. Robinson in the companion case, *Pauu of County of San Diego, et al.*, Case No. 23-cv-0961-TWR-SBC (S.D. Cal. Mar. 17, 2026), Dkt. No. 94, for additional details.

23-cv-2162-TWR-SBC

31, 32) and on February 9 and 10, 2026.[2] The case did not settle.

On April 3, 2026, Plaintiff filed a motion to file the Motion to Disqualify under seal, and lodged the Motion to Disqualify for filing under seal. (Dkt. Nos. 45-46.)[3] The Motion to Disqualify seeks to disqualify the Office of County Counsel, which represents all remaining defendants in this matter (County of San Diego and Sheriff's Deputies Lovejoy and Young), from representing the Deputy Defendants due to a conflict of interest between the County's interests and the deputies' interests, which allegedly arose out of the County's conduct following the MSC held on December 10, 2025. (Dkt. No. 46 at 11-15.) The motion also seeks "specific performance" of terms discussed at the MSC, as well as the imposition of sanctions against Defendant County. (*Id.* at 15-17.) An opposition to the Motion to Disqualify is not presently due.[4]

On April 6, 2026, Defendants filed the Motion to Strike presently before the Court. (Dkt. No. 47.) Plaintiff filed a motion to file an opposition to the Motion to Strike under seal, and lodged the opposition under seal. (Dkt. Nos. 51-52.) The Court did not require a reply. (Dkt. No. 48.)

## II.    MOTION TO STRIKE

### A.    <u>Legal Standard</u>

"It is well established that district courts have inherent power to control their dockets." *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th

---

[2]    The conferences held on February 9 and 10, 2026 are not reflected on the Court's docket but were continuations of the Settlement Status Conferences held on February 6, 2026.

[3]    As detailed further below, the Court directed Plaintiff to file the Motion to Disqualify under seal at the time Plaintiff's counsel's office obtained a hearing date for the motion.

[4]    The Court has not issued a briefing schedule on the Motion to Disqualify, and in the absence of a briefing schedule, the deadline for an opposition under the Local Rules is not until May 7, 2026. *See* CivLR 7.1(e)(2).

Cir. 1988) (citation modified). Based on its inherent powers, a court may strike filings from the docket "reflecting procedural impropriety or lack of compliance with court rules or orders." *Jones v. Metro. Life Ins. Co.*, No. C-08-03971-JW (DMR), 2020 WL 4055928, at *6 (N.D. Cal. Oct. 15, 2010) (collecting cases). More specifically, courts have the inherent power to strike inappropriate materials such as confidential mediation and settlement information from the docket. *Id.* Additionally, under Rule 12(f) of the Federal Rules of Civil Procedure, "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

## B.    Discussion

Defendants contend that Plaintiff's Motion to Disqualify should be stricken because it violates Civil Local Rule 16.3. (Dkt. No. 47 at 4.) The Court agrees.

### 1.    Civil Local Rules 16.1 and 16.3.

"The Local Rules are clear and unequivocal as to the nature of Settlement Conference communications. 'The [Early Neutral Evaluation] Conference will be informal, off the record, privileged and confidential' and '[t]he settlement conference will be off the record, privileged and confidential, unless otherwise ordered by the court.'" *Century Sur. Co. v. 350 W.A., LLC*, Civil No. 05CV 1548-L(LSP), 2008 WL 1787491, at *2 (S.D. Cal. Apr. 16, 2008) (citing CivLR 16.1(c)(1)(b); CivLR 16.3(h)). "The Local Rules are clear and allow no exception regarding privileged and confidential communication exchanged during Settlement Conferences." *Id.* Compliance with Local Rules 16.1 and 16.3 is paramount to the integrity of the settlement conference process and disclosing information obtained in connection with a settlement conference "undermines the trust jurists of this Court have earned in the legal community and diminishes the integrity and effectiveness of the Settlement Conference process." *Id.* at 3.

The primary purpose of Local Rules 16.1(c)(1)(b) and 16.3(h) is to encourage litigants and their attorneys to be as forthcoming and frank as possible in Early Neutral Evaluation Conferences and Settlement Conferences before the Court. The "off the record, privileged and confidential" nature of these conferences protects settlement

communications from being used outside the context of settlement, such as in court filings. Courts have routinely recognized "the substantial interest of preserving confidentiality in mediation proceedings as justifying restrictions on the use of information obtained during the mediation." *Jones*, 2010 WL 4055928, at *10 (citing *In re Anonymous*, 283 F.3d 627, 634 (4th Cir. 2002)). "Furthermore, where participation is mandatory and the mediation is directed and sanctioned by the court, the argument for protecting confidential communications may be even stronger because participants are often assured that all discussions and documents related to the proceeding will be protected from forced disclosure." *Jones*, 2010 WL 4055928, at *10 (citation modified).

**2.      The filing of the Motion to Disqualify has a chilling effect on the Court's settlement process.**

Protecting the Court's settlement conference process is of paramount concern to the Court. Allowing motion practice about settlement discussions would chill the willingness of litigants to participate in settlement proceedings in a full, frank, and honest manner. Parties and attorneys participating in settlement conferences before the Court must trust in the confidentiality of the proceedings and expect that anything said will not be used against them in a pleading or motion. Here, the mere filing of the Motion to Disqualify based upon off the record, privileged and confidential settlement discussions creates a chilling effect, discouraging parties from engaging in full and frank negotiations with the Court in this and other cases. The motion contravenes Civil Local Rule 16.3(h) and allowing it to remain filed would run counter to the integrity of, and trust in, the Court's settlement conference process.

**3.      Filing the Motion to Disqualify under seal does not negate any improper use of settlement discussions in the motion.**

Plaintiff argues that the Motion to Disqualify should not be stricken because the motion was submitted to be filed under seal and is before the same judicial officer who conducted the settlement conference, i.e., the undersigned. (Dkt. No. 52 at 3-5.) This argument is without merit.

23-cv-2162-TWR-SBC

First, filing a motion under seal is not a mechanism for allowing a party to disregard Civil Local Rule 16.3(h). The fact that a settlement conference before the Court is "off the record, privileged and confidential" under Civil Local Rule 16.3(h) means that settlement conference discussions should not be the subject of motion practice, whether the motion is filed under seal or not.[5] As stated above, the filing of the Motion to Disqualify itself, even if confidentiality is preserved by filing it under seal, undermines the integrity of the Court's settlement process. Additionally, the filing of the motion, even if under seal, implicates discussions that are intended to be "off the record."

Second, it is unusual for Plaintiff to now rely upon any protection provided by submitting the Motion to Disqualify under seal when it appears that this was done at the Court's directive.[6] The Court's instruction to Plaintiff's counsel to file the Motion to Disqualify under seal should not be construed as the Court's approval of the basis of the

---

[5]    The Court notes that a motion to enforce a settlement reached during a settlement conference before the Court is appropriate if the settlement is placed on the record in open court. Placing a settlement on the record takes settlement discussions out of the realm of being off the record and thus permits the filing of a motion to enforce the on-the-record settlement. *See, e.g.*, *Platypus Wear, Inc. v. U.S. Fid. & Guar. Co.*, No. 09CV2839 JLS (WVG), 2010 WL 4281805, at *2 (S.D. Cal. Oct. 25, 2010) (differentiating settlement discussions from final settlement terms and recognizing the confidentiality necessary for settlement negotiations under this Court's Local Rules). No settlement terms were placed on the record during the December 10, 2025 MSC.

[6]    Plaintiff's counsel's office staff initially contacted the undersigned's chambers to obtain a hearing date to file the Motion to Disqualify on March 24, 2026, and indicated that the motion would be ready to be filed by the end of that week. The Court, through its law clerk, advised that Plaintiff's counsel needed to speak with chambers prior to filing the motion. The undersigned's law clerk spoke with Plaintiff's counsel, Marcus Bourassa, on March 30, 2026, and provided the Court's directive that the Motion to Disqualify be filed under seal, as acknowledged by Mr. Bourassa in his declaration accompanying the motion to seal. (*See* Dkt. No. 45-1.) Mr. Bourassa indicated his office would need a couple of extra days to file a motion to seal to accompany the Motion to Disqualify; the Court provided a hearing date of May 21, 2026 at 11:00 a.m., and a deadline of April 3, 2026 to file the motion.

23-cv-2162-TWR-SBC

motion. To the contrary, the Court provided this directive because of its deep concern about Plaintiff's potential intent to disclose off the record, privileged and confidential settlement communications and to rely on those communications to seek to disqualify his opponents' counsel.[7]

### 4.    Plaintiff's "expansive privilege" and Federal Rule of Evidence 408 arguments.

Plaintiff argues that Ninth Circuit case law and Federal Rule of Evidence 408 undermine any claim of privilege by Defendants. (Dkt. No. 52 at 5-6.) Specifically, Plaintiff contends that "the Ninth Circuit has made clear that local rules cannot expand evidentiary privileges beyond what already exist under the law." (*Id.* at 5.) In doing so, it appears Plaintiff is contesting the validity of Local Rule 16.3(h) to the extent it provides that communications made during settlement conferences with the court are "privileged."

None of the three Ninth Circuit cases cited by Plaintiff (*see* Dkt. No. 52 at 5) hold that Local Rule 16.3, or any similar local rule, cannot deem settlement conferences before the court to be privileged. *Facebook, Inc. v. Pacific Northwest Software, Inc.*, relied on by Plaintiff for the proposition that a court's local rules cannot expand the privileges created by federal common law, does not hold as such. Rather, the court's dicta simply expressed doubt, without further discussion, that a district court could "augment the list of privileges by local rule." *Facebook, Inc. v. Pacific Nw. Software, Inc.*, 640 F.3d 1034, 1041 (9th Cir. 2011). And, notwithstanding this statement, the Ninth Circuit observed that a local rule can

---

[7]    Requiring motions disclosing confidential settlement discussions to be filed under seal has been employed by other courts in this district. *See, e.g., Williams v. County of San Diego*, Case No.: 17-cv-00815-MMA(JLB), 2018 WL 4961523, at *8 (S.D. Cal. Oct. 15, 2018), *objections overruled*, 2018 WL 6716630 (S.D. Cal. Dec. 21, 2018) (directing the Clerk of Court to seal motion papers containing confidential information discussed at an Early Neutral Evaluation Conference); *Century Sur. Co.*, 2008 WL 1787491, at *4 (ordering counsel to seek an order sealing the portions of a motion filed before the District Judge disclosing confidential communications made during a settlement conference before the court).

properly impose a duty of confidentiality. *Id.* at 1040-41.

The Alternative Dispute Resolution Act of 1998 contains an express statement of federal policy that communications occurring in mediations sponsored by federal district courts should be confidential. Congress directed that "each district court shall, by local rule adopted under [28 U.S.C. § 2071(a)], provide for the confidentiality of the alternative dispute resolution processes and to prohibit disclosure of confidential dispute resolution communications." 28 U.S.C. § 652(d). Local Rules 16.1 and 16.3 are consistent with this directive. *See Transamerica Corp. v. Transamerica Bancgrowth Corp.*, 627 F.2d 963, 965 (9th Cir. 1980) ("28 U.S.C. § 2071 and Rule 83 of the Federal Rules of Civil Procedure expressly empower district courts to adopt their own local court rules to cover areas not specifically covered by the federal rules.").

Moreover, Plaintiff's argument addresses only the "privilege" attached to the MSC proceedings and not the "off the record" and "confidential" nature of the MSC as set forth in Local Rule 16.3(h). Parties' discussions at MSCs are "off the record," meaning that they are not a part of the court record. *See Gurvey v. Legend Films, Inc.*, No. 3:09-cv-00942 AJB (BGS), 2013 WL 754965, at *2 (S.D. Cal. Feb. 27, 2013). "'Confidentiality' refers to a duty to keep information secret." *Molina v. Lexmark Int'l., Inc.*, No. CV 08-04796 MMM (FMx), 2008 WL 4447678, at *10 (C.D. Cal. Sept. 30, 2008) (citing Scott H. Hughes, *The Uniform Mediation Act: To the Spoiled Go the Privileges*, 85 Marq. L. Rev. 9, 25-34 (2001)). "Although 'confidentiality' and 'privilege' are often used interchangeably in discussions of mediation, the terms refer to two distinct concepts." *Id.* "Communications are confidential when the freedom of the parties to disclose them voluntarily is limited; they are privileged when the ability of third parties to compel disclosure of them . . . is limited." *Id.* Thus, even assuming for the sake of argument that Plaintiff's assertion against an "expansive privilege" is valid, Plaintiff still used "off the record" and "confidential" settlement discussions as the basis for his Motion to Disqualify, which circumvents Local Rule 16.3(h) and undermines the Court's settlement process.

///

Plaintiff further contends that Federal Rule of Evidence 408(b) permits him to use settlement communications made during the MSC and thereafter in a Motion to Disqualify. (*See* Dkt. No. 52 at 5-6, citing Rule 408(b) and two Ninth Circuit cases, *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1161-62 (9th Cir. 2007) and *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.3 (9th Cir. 2002)). Plaintiff is correct that "[w]hen statements made during settlement [negotiations] are introduced for a purpose unrelated to liability, the policy underlying [Rule 408] is not injured." *Rhoades*, 504 F.3d at 1161-62. Here, however, Plaintiff is not seeking to use written settlement communications exchanged between the parties to establish jurisdiction, as in *Rhoades* or *Cohn*. Rather, Plaintiff is seeking to disqualify his opposing counsel based on substantive settlement communications made during court proceedings that, pursuant to the Court's rules, were "off the record, privileged and confidential." *See* CivLR 16.3(h). The Court rejects Plaintiff's argument that Rule 408(b) permits him to breach his obligation to maintain the off the record, privileged and confidential nature of communications made during and in connection with the MSC.[8]

## 5.    Sealing of Plaintiff's opposition to the Motion to Strike.

When deciding whether access is appropriate, the courts must consider "the interests advanced by the parties in light of the public interest and the duty of the courts." *Nixon v. Warner Comm'cns, Inc.*, 435 U.S. 589, 602 (1978). Ultimately, the decision to seal is "best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 599. Here, any communications made by the parties and the Court during the MSC on December 10, 2025, the Settlement Status Conferences on February 6, 2026 (*see* Dkt. Nos. 31, 32), and the continuations of the Settlement Status Conferences on February 9 and 10, 2026 (not

---

[8]    The issue of whether Mr. Inman's "meet and confer" conversation with Mr. Scott, during which the events of the settlement conference and subsequent related events were apparently discussed, was off the record, privileged and confidential does not affect the Court's determination that the Motion to Disqualify should not have been filed.

reflected on the docket) shall not be publicly disclosed on the Court's docket. Plaintiff's opposition to Defendants' Motion to Strike contains reference to such communications. Accordingly, Plaintiff's Motion to file Response in Opposition to Motion to Strike Under Seal (Dkt. No. 51), is **GRANTED**.

Defendants' Motion to Strike, which is publicly filed, does not contain any communications made by the parties and the Court during the MSC. (*See* Dkt. No. 47.) Because the Motion to Strike is publicly filed, the Court finds it appropriate for Plaintiff's opposition to the motion to also be filed publicly. Accordingly, Plaintiff is required to file a redacted version of the opposition for the public record. **By <u>May 4, 2026</u>, Plaintiff must publicly file his Response in Opposition to Motion to Strike with the following redactions: page 2 lines 16-18 and 24-27, page 5 lines 25-27, page 8 lines 9-11, and page 9 lines 2-4. The public document shall be titled "Redacted Copy of Sealed Response in Opposition to County's Motion to Strike."**

C.     <u>Conclusion</u>

Plaintiff's Motion to Disqualify improperly relies upon discussions held before the Court during the December 10, 2025 MSC and thereafter, in contravention of Civil Local Rule 16.3(h). Therefore, pursuant to the Court's inherent authority to manage its docket, as well as Rule 12(f), Plaintiff's Motion to Disqualify is **STRICKEN** in its entirety. *See Orthopaedic Hosp. v. Encore Med. L.P.*, Case No. 19-CV-970 JLS (AHG), 2021 WL 1966124, at *1 (S.D. Cal. May 6, 2021) (striking in their entirety filings that did not comply with this Court's Local Rules); *A.C. v. Cortez*, Case No. 18-CV-2227-AJB-AGS, 2019 WL 3068301, at *1-2 (S.D. Cal. July 11, 2019) (striking paragraph of Plaintiff's complaint under Rule 12(f) for referencing a statement made at an Early Neutral Evaluation Conference). Because the Motion to Disqualify is to be stricken, Plaintiff's motion to file the Motion to Disqualify under seal (Dkt. No. 45) is **DENIED AS MOOT**.[9]

---

[9]     The Court briefly addresses Defendants' argument that the Motion to Disqualify should be stricken because Plaintiff's counsel did not meet and confer with Defendants'

### III.   MOTION TO DISQUALIFY

Even if the Court did not strike Plaintiff's Motion to Disqualify, it would summarily deny the motion on the merits.[10]

### A.   Legal Standard

In determining whether to disqualify counsel, the Court applies California law. *In re Cnty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000). Motions to disqualify are generally disfavored. *Visa U.S.A., Inc. v. First Data Corp.*, 241 F. Supp. 2d 1100, 1104 (N.D. Cal. 2003) (citations omitted). "They are often tactically motivated; they tend to derail the efficient progress of litigation." *In re Marvel*, 251 B.R. 869, 871 (Bankr. N.D. Cal. 2000), *aff'd*, 265 B.R. 605 (N.D. Cal. 2001). Thus, motions to disqualify "should be subjected to particularly strict judicial scrutiny." *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (citations omitted); *see also* CivLR 2.1(a)(3)(k) ("We expect lawyers to refrain from seeking to disqualify opposing counsel for any improper purpose or for any reason not supported by fact or law.").

### B.   Discussion

#### 1.   Specific performance is not warranted.

As the judicial officer presiding over the settlement conference at issue, with a very clear recollection of the events that transpired, the Court finds that the counsel appearing

---

counsel prior to filing the motion. The Court agrees that meeting and conferring with opposing counsel prior to filing any motion is advised. However, this Court's Chambers Rules do not require counsel to meet and confer prior to filing any motion, but rather prior to filing discovery motions. (*See* Honorable Steve B. Chu, United States Magistrate Judge, Civil Chambers Rules.) And although the District Judge's Chambers Rules do require that counsel meet and confer prior to filing any motion, (*see* Honorable Todd W. Robinson, United States District Judge, Standing Order for Civil Cases, Section III(A)(1)), this motion is not before the District Judge.

[10]   Magistrate judges are authorized under Rule 72(a) of the Federal Rules of Civil Procedure to rule upon motions to disqualify as nondispositive. *See Howe Inv., Ltd. v. Perez Y Cia. de Puerto Rico, Inc.*, 96 F. Supp. 2d 106, 113 (D.P.R. 2000).

on behalf of Defendants at the MSC complied with the Court's rules and orders and fulfilled any agreement made during the MSC. The Office of County Counsel also did not violate any of the Court's rules and orders. No further action is required by the Office of County Counsel. Specific performance is not warranted.[11]

### 2.    Plaintiff lacks standing to assert a conflict of interest.

Plaintiff does not have standing to complain about any conflict of interest between the County and the Deputy Defendants. "The standing requirement protects against the strategic exploitation of the rules of ethics long disfavored by the Courts." *Colyer v. Smith*, 50 F. Supp. 2d 966, 973 (C.D. Cal. 1999) (citing *Optyl Eyewear*, 760 F.2d at 1050); *see also McPhearson v. Michaels Co.*, 96 Cal. App. 4th 843 (2002) (citation modified):

> [W]here, as here, the persons who are personally concerned with the alleged conflict of interest are not objecting, and disqualification is sought by a litigation adversary who is not personally interested in the alleged conflict, courts must be skeptical. This is so because motions to disqualify counsel often pose the very threat to the integrity of the judicial process that they purport to prevent. They can be used to harass opposing counsel, to delay the litigation, to intimidate an adversary into accepting settlement on otherwise unacceptable terms, or for other strategic purposes.

*McPhearson*, 96 Cal. App. 4th at 849-50.

The Court finds that strictly enforcing the standing requirement is appropriate and would deny the Motion to Disqualify based on Plaintiff's lack of standing to assert a conflict of interest between the County and the Deputy Defendants.

### 3.    The Office of the County Counsel did not violate the Court's rules and orders.

Plaintiff contends that the Office of County Counsel violated the Court's rules and

---

[11]    The Court has intentionally omitted any reference in this Order to any substantive matters, including communications, agreements, and actions, pertaining to the MSC and follow-up Settlement Status Conferences.

orders relating to the MSC. The Court disagrees.

The Court issued the original scheduling order for this case and the related case, *Pauu v. County of San Diego, et al.*, on September 13, 2024. *Pauu*, Case No. 23-cv-0961-TWR-SBC (S.D. Cal. Sept. 13, 2024), Dkt. No. 37.[12] As relevant here, that order set an MSC before the undersigned on October 1, 2025 at 10:00 a.m. (*Id.* at 3.) With respect to the MSC, the scheduling order stated, "The parties are ordered to read and to fully comply with the Chamber Rules of the assigned magistrate judge." (*Id.*) On July 8, 2025, the Court issued an Order Granting Joint Motion to Modify Scheduling Order, which reset the MSC to December 10, 2025 at 10:00 a.m., to be held by video conference. (*Id.*, Dkt. No. 57.) The order directed that "[a]ll other guidelines, deadlines, and requirements remain as previously set." (*Id.*, citing Dkt. No. 37.) The MSC was converted to an in-person conference in an order dated August 12, 2025; this order also instructed that "[a]ll other guidelines, deadlines, and requirements remain as previously set." (*Id.*, Dkt. No. 66.) On December 5, 2025, the undersigned issued the following order regarding the MSC: "In-person Mandatory Settlement Conference set for 12/10/2025 at 09:30 AM in Courtroom 2D. All counsel, parties, and client representatives with full settlement authority must participate and shall set aside the full day for the conference."[13] (Dkt. No. 30.)[14]

---

[12] The original scheduling order was docketed in the related *Pauu* case pursuant to the Order Granting Joint Motion to Consolidate Related Cases Pursuant to Federal Rule of Civil Procedure 42(a) and Designating Lead Case, which designated the *Pauu* action as the lead case. *Pauu*, Case No. 23-cv-0961-TWR-SBC (S.D. Cal. Feb. 2, 2024), Dkt. No. 24.

[13] This order was issued only on the *Talavera* docket because the undersigned had deferred proceeding with the MSC in *Pauu* until after resolution of the pending motion for summary judgment in that case. *Pauu*, Case No. 23-cv-0961-TWR-SBC, Dkt. No. 74.

[14] The parties, through the Court's previous orders, had already been provided with the date of the MSC and all requirements relating to the MSC. *See Pauu*, Case No. 23-cv-0961-TWR-SBC, Dkt. No. 37 (ordering the parties to read and to fully comply with the undersigned's Chambers Rules); Dkt. Nos. 57, 66 (referring to original scheduling order). The purpose of the December 5, 2025 order was to advise the parties of (1) a change in the

This Court's Civil Chambers Rules provide:

> Pursuant to Civil Local Rule 16.3(b), all parties and party representatives other than counsel must have complete authority to negotiate and enter into a binding settlement agreement at the time of the ENE or MSC. This requirement eliminates the need for any intervention from a superior who is not otherwise a participant to the settlement conference and thus ensures efficiency in the parties' negotiations. **Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the settlement conferences (1) has primary responsibility for handling the case; and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official who has ultimate settlement authority.**

Hon. Steve B. Chu, Civil Chambers Rules, Section III(iii) (emphasis added).

Ms. Aceves and Mr. Inman properly participated in the MSC on behalf of Defendants as they met both requirements in the Court's Chambers Rules: they are the lead attorneys on the case, and they were able to negotiate settlement offers that they were willing to recommend to the government official with full settlement authority. No further appearances were required by the Court's rules and orders, and nothing that transpired after the MSC violated the Court's rules and orders. The Office of County Counsel did not violate the Court's rules and orders in relation to the MSC.

**C.      Conclusion**

For the foregoing reasons, even if the Court did not strike Plaintiff's Motion to Disqualify, it would summarily deny the motion on the merits.

## IV.      SANCTIONS

Defendants seek the imposition of sanctions of $846.00 in attorney's fees, based on three hours spent preparing their Motion to Strike at an internal billing rate of $282.00 per hour. (Dkt. No. 47 at 6.)

---

start time of the MSC from 10:00 AM to 9:30 AM, (2) the location of the MSC, and (3) the fact that all conference participants were to set aside the full day for the conference.

23-cv-2162-TWR-SBC

The Local Rules permit the Court to sanction attorneys for the failure to comply with a local rule or court order. CivLR 83.1(a). Sanctions may be imposed as "authorized by statute or rule or within the inherent power of the Court," and may include "imposition of monetary sanctions or attorneys' fees and costs." *Id.* Other courts in this district have imposed sanctions for violating Local Rule 16.1 or 16.3. *See Century Sur. Co.*, 2008 WL 1787491, at *3-4 (imposing monetary sanction of $500.00 against counsel, payable to the Clerk of the Court, under Local Rule 83.1(a) and the court's inherent power for disclosing confidential communications made during a settlement conference before the Court); *Williams*, 2018 WL 4961523, at *8 (finding, subject to an opportunity to be heard, that plaintiff was required to pay defendant the reasonable expenses incurred, including attorney's fees, for opposing a motion that disclosed confidential statements made at an Early Neutral Evaluation Conference); *see also Williams v. County of San Diego*, Case No.: 17-cv-00815-MMA(JLB), 2021 WL 3619876, at *10 (S.D. Cal. Aug. 16, 2021) (awarding the defendant's attorney's fees in the prior-cited case in the amount of $8,942.50).

"Because of their very potency, [a federal court's] inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). "[A]n assessment of attorney's fees is undoubtedly within a court's inherent power." *Id.* at 45. An attorney's fees award under the Court's inherent power is meant to vindicate judicial authority, rather than provide a substantive remedy to the aggrieved party: "The wrong done was to the court." *Mark Indus., Ltd. v. Sea Captain's Choice*, 50 F.3d 730, 733 (9th Cir. 1995).

Before awarding sanctions under its inherent powers, "the court must make an explicit finding that counsel's conduct constituted or was tantamount to bad faith." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997). "The bad faith requirement ensures that the district court's exercise of its broad power is properly restrained." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006). "A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Primus*, 115 F.3d

23-cv-2162-TWR-SBC

at 649 (citation modified). "A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." *Id.*

Here, the Court, as expressed above, is deeply concerned about any breach of the obligation to respect the off the record, privileged and confidential nature of communications made during the MSC and Settlement Status Conferences before the Court. The Court, however, does not find that any counsel acted in bad faith, and thus declines to impose sanctions.

## V.    CONCLUSION

For the foregoing reasons, Defendants' Ex Parte Motion to Strike Plaintiff's Motion to Disqualify County Counsel (Dkt. No. 47) is **GRANTED**. Defendants' Request for Sanctions (Dkt. No. 47) is **DENIED**. Plaintiff's Motion to Disqualify County Counsel from Representing Individual Deputies and Request for Specific Performance and Sanctions (Dkt. No. 46) is **STRICKEN** in its entirety from the record. Because the Motion to Disqualify is to be stricken, Plaintiff's motion to file the Motion to Disqualify under seal (Dkt. No. 45) is **DENIED AS MOOT**. Plaintiff's Motion to file Response in Opposition to Motion to Strike Under Seal (Dkt. No. 51) is **GRANTED**.

Plaintiff shall file a redacted version of his opposition to Defendants' Motion to Strike (Dkt. No. 52) for the public record in accordance with the directives provided above by **May 4, 2026**.

**IT IS SO ORDERED.**

Dated:  April 27, 2026

Hon. Steve B. Chu
United States Magistrate Judge

16

23-cv-2162-TWR-SBC